ORIGINAL

**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MICHAEL J. KNEITEL,
          Plaintiff,

TRIAL BY JURY DEMAND

CV11-5852

-against-

ROBERT DOAR, CHRISTINA M. PIAIA, MARIA
MIKHAILOV, OLGA STEFANCO, E. PACHEKO,
NICHOLAS J. PALOS, PAULA J. HEPNER,
YULIYA YASNOGORODSKAYA, MICHAEL A
CARDOZO Corporation Counsel, THE CITY OF
NEW YORK HUMAN RESOURCES
ADMINISTRATION, THE STATE OF NEW YORK
UNIFIED COURT SYSTEM.
          Defendant(s).

GARAUFIS, J.

POHORELSKY, M.J.

---

Plaintiff in the above-captioned action alleges as follows:

## JURISDICTION.

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to **42 U.S.C. §§1983**. The Court has jurisdiction over this action pursuant to **28 U.S.C. §§1331, 1342(3) and (4) and 2201**.

## I. PREVIOUS LAWSUITS.

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?
YES (XX)   NO ( ).



RECEIVED
NOV 28 2011
PRO SE OFFICE

**B.** If your answer to A is Yes, describe the lawsuit. If there is more than one lawsuit, describe the additional lawsuits.

i. 1. Parties to this previous lawsuit:

   Plaintiffs:     **MICHAEL KNEITEL**

   Defendant:   **YULIYA YASNOGORODSKAYA**

2. Court (if federal court, name the district; if state court, name the county).

   **FAMILY COURT OF THE STATE OF NEW YORK,
   COUNTY OF KINGS.**

3. Docket Number:

   **F-03508-10/11B**

4. Name of Judge(s) to whom case was assigned:

   **SUPPORT MAGISTRATE NICHOLAS J. PALOS,
   HONORABLE ILANA GRUEBEL,
   HONORABLE MICHAEL KATZ.**

5. Disposition:

   **NO DISPOSITION. THE MATTER WAS TRANSFERRED TO NUMEROUS JUDGES AND ADJOURNED FROM FEBRUARY 2011 TO THE PRESENT WITH NO RESOLUTION IN SIGHT.**

6. Approximate date of filing lawsuit:

   **FEBRUARY 14, 2011.**

7. Approximate date of disposition:

   **NOTHING IN THE FORESEEABLE FUTURE.**

ii.  1.  Parties to the previous lawsuit:

   Plaintiff:  **MICHAEL KNEITEL.**

   Defendant:  **NYC OFFICE OF HUMAN RESOURCES ADMINISTRATION OFFICE OF CHILD SUPPORT ENFORCEMENT.**

2.  Court (if federal court, name the district; if state court; name the county)

   **SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF KINGS.**

3.  DOCKET NUMBER

   **6817/2011.**

4.  Name of Judge to whom case was assigned:

   **HONORABLE BERT A. BUNYAN.**

5.  Disposition:

   **THE MATTER WAS ADJOURNED BY THE COURT UNTIL DECEMBER 2011 AND, WILL CONTINUE TO BE ADJOURNED UNTIL THE NEW YORK STATE FAMILY COURT ADDRESSES AND RESOLVES THE ISSUES SURROUNDING SUPPORT DUE AND ARREARS.**

6.  Approximate date of filing lawsuit:

   **MARCH 25, 2011.**

7.  Approximate date of disposition:

   **NOTHING IN THE FORESEEABLE FUTURE.**

## II. PARTIES.

**A.**   Plaintiff:   **MICHAEL KNEITEL**
         Address:    450 Ocean Parkway (Apt 2D)
                     Brooklyn, New York 11218.

**B.**   Defendant:   ROBERT DOAR, is employed as the Commissioner of the New York City Department of Human Resources Administration at 180 Water Street, New York, New York 10038.

**C.**   Defendant:   CHRISTINA M. PIAIA, is employed as an attorney in the Office of Roy A. Esnard, General Counsel to the Commissioner of the New York City Department of Social Services and Special Assistant Corporation Counsel to MICHAEL A. CARDOZO, Corporation Counsel for the City of New York, located at 180 Water Street, New York, New York 10038.

**D.**   Defendant:   MARIA MIKHAILOV, is employed as a Supervisor for the Property Execution Unit for the New York City Human Resources Administration Office of Child Support Enforcement located at 180 Water Street, New York, New York 10038.

**E.**   Defendant:   OLGA STEFANCO, is employed as a Caseworker for the New York City Human Resources Administration Office of Child Support Enforcement located at 180 Water Street, New York, New York 10038.

**F.**   Defendant:   E. PACHEKO, is employed as an Enforcement Supervisor with the New York State Department of Motor Vehicles, Coney Island District located at 2875 West 8th Street, Brooklyn, New York 11224.

**G.**   Defendant:   NICHOLAS J. PALOS, is employed as a Support Magistrate with the New York State Unified Court System Family Court, County of Kings located at 330 Jay Street-Part 26, Room 5029, Brooklyn, New York 11201.

**H.**   Defendant:   PAULA J. HEPNER, is employed as a Supervising Judge with the New York State Unified Court System Family Court, County of Kings located at 330 Jay Street-Part 11, Brooklyn, New York 11201.

**I.**   Defendant:   YULIYA YASNOGORODSKAYA, is the custodial parent employed as a Case Manager with the Metropolitan Jewish Health System Adult Day Health Care located at 6202 16th Avenue, Brooklyn, New York 11219.

**J.**   Defendant:   MICHAEL A. CARDOZO CORPORATION COUNSEL, is legal counsel for the City of New York located at 100 Church Street, New York, New York 10007.

**K.**   Defendant: THE CITY OF NEW YORK HUMAN RESOURCES ADMINISTRATION, is Municipal Department within the municipality of the City of New York located at 180 Water Street, New York, New York 10038.

### III.   LIST OF DEFENDANTS

1. **ROBERT DOAR**
   180 Waters Street
   New York, New York 10038

2. **CHRISTINA M. PIAIA, Esq.**
   180 Waters Street
   New York, New York 10038

3. **MARINA MIKHAILOV**
   180 Waters Street
   New York, New York 10038

4. **OLGA STEFANCO**
   180 Waters Street
   New York, New York 10038

5. **Supervisor E. PACHEKO**
   2875 West 8th Street
   Brooklyn, New York 11224

6. **NICHOLAS J. PALOS, Support Magistrate**
   330 Jay Street-Room 5029
   Brooklyn, New York 11201

7. **PAULA J. HEPNER, Supervising Judge**
   330 Jay Street-Part 11
   Brooklyn, New York 11201

8. **YULIYA YASNOGORDSKAYA**
   6202 16th Avenue
   Brooklyn, New York 11219

9. **MICAHEL CARDOZO, Corporation Counsel**
   100 Church Street
   Brooklyn, New York 10007

10. **CITY OF NEW YORK HUMAN RESOURCES ADMINISTRATION**
    180 Waters Street
    New York, New York 10038

## IV. STATEMENT OF CLAIM.

### Preliminary Statement

This action is to vindicate the civil rights of Plaintiff Michael Kneitel whose wages were garnished in excess of what is legally permissible and whose bank account was invaded and seized by the City of New York Office of Child Support Enforcement. The Plaintiff sought relief from the New York Courts and Administrative Agency remedies but was either ignored or denied any relief.

This action initially stems from a child support proceeding in which each and every defendant either sought to deprive plaintiff of his rights to due process and equal protection under the laws. The Courts sought to procrastinate, rule against statute and case law while the City of New York and its Agencies clearly violated the laws, policies and procedures which they must abide and conspired to cover up any and all violations.

### FACTS

On or about January 2010, defendant Yuliya Yasnogorodskaya sought to commence an action in Kings County Family Court against plaintiff. Ms. Yasnogorodskaya violated procedure by improperly serving plaintiff the court papers. On the return date, plaintiff, challenged the jurisdiction of the court by asserting that service was improper.

Plaintiff waived the jurisdictional defect because he recognizes his responsibility to provide for the support of his daughter. Support Magistrate Speagle advised both parties it would be in the best interest of all if the matter would be resolved outside the court between both parties. Therefore, both parties agreed that if plaintiff pays for their daughter's private education, the matter before the family court would be dropped.

However, despite plaintiff remitting thousands of dollars as agreed, defendant Yasnogorodskaya reneged and obtained a judgment in default. Defendant, Support Magistrate Nicholas J. Palos calculated monthly support in the amount of $2,166.00. Plaintiff asserts this figure is arbitrary, irrational and illegal since plaintiff's yearly income was $62,401.93. The support order is illegal because it is in excess of 41% of plaintiff's income and New York State Law promulgates support for one child not to exceed 17%.

Plaintiff sought a downward modification of the support order. However, when plaintiff incurred problems serving Ms. Yasnogorodskaya (because defendant was on vacation), he obtained permission to nail and mail the motion. However, when he requested Support Magistrate Palos to temporarily suspend the order of support until the matter was resolved-he refused and threatened to incarcerate the plaintiff for not willing to pay child support.

On or about February 2011, Plaintiff became unemployed and once again sought a downward modification based upon drastic change in financial circumstances. Both

parties appeared before Magistrate Palos and, when plaintiff tried to explain his financial situation and, that the New York State Office of Child Support Enforcement levied over $15,557.00 from his bank account and 50% of his unemployment benefits and intercepted his tax refund, he refused to listen and adjourned the case.

On or about March 2011, Plaintiff filed an article 78 proceeding challenging the legality of the bank levy and stay and order to suspend plaintiff's driver license. In those proceedings it was revealed by two sworn affidavits, by defendants Maria Mikhailov and Olga Stefanco that; notice was given to plaintiff. However, the addresses given were not the addresses for the plaintiff and, no copy of any notice was offered into evidence.

Moreover, attorney Christina M. Piaia knowingly submitted additional false documents to the court. First, she indicated that the levy on plaintiff's bank account was in February 2011 when in fact the account was levied in January 2011. Furthermore, she knowingly indicated that NYC Office of Child Support Enforcement, in July 2011- plaintiff's official residence is 759 East 10th Street, Brooklyn, New York 11230.

The law is crystal clear on these issues. Consequently, policy and procedure dictates that prior to any bank levy or license suspension, an investigation must occur to verify the account holder, address etc. A notice is sent to the debtor that he/she has 30 days for the purposes of filing an appeal or mistake of fact.

In the instant case that never happened and, the law was violated by defendants. If the Office of Child Support Enforcement would have conducted that investigation they would have found the address on the bank account was 450 Ocean Parkway (Apt 2D), Brooklyn, New York 11218. Moreover, a New York State Department of Motor Vehicles check would have revealed plaintiffs address on his driver license, commercial driver learner permit and NYS identification card is 450 Ocean Parkway (Apt 2D), Brooklyn, New York 11218. Therefore, plaintiff's rights to due process, equal protection under the laws and freedom from illegal search and seizure were violated.

It must be duly noted that plaintiff received notice from the New York State Department of Motor Vehicles that his license was due to be suspended as of April 1, 2011. Plaintiff obtained a court order from the Supreme Court of the State of new York County of Kings to stay the suspension of his driver license. Plaintiff appeared before the New York State Department of Motor Vehicles Coney Island Office at 2875 West 8th Street and spoke with Supervisor E. Pacheko at counter #23. Plaintiff delivered a true and correct copy of the order to the Supervisor but she refused to lift the suspension order.

Plaintiff then appeared before the Office of Child Support Enforcement Customer Service Office located at 151 West Broadway 4T, New York, New York 1013 and submitted the stay order . By law, policy and procedure, defendant was required to provide plaintiff with a document stating that he [plaintiff] is in full satisfaction and, his driving privilege would not be suspended. That never happened and, plaintiff's driving privilege was ultimately suspended in violation of the order.

**CLAIM #1.**

On or about January 2011, and continuing to the present, in New York, New York, New York City Department of Human Resources Commissioner **ROBERT DOAR**, in his individual and official capacity as commissioner, while acting under the color of state law, and exercising his administrative duties, intentionally and deliberately deprived plaintiff of his property and knew or was supposed to know about the misconduct by his officers. Thereby, he deprived plaintiff of his right to due process, equal protection under the laws and be free from unreasonable searches and seizures which; are guaranteed each and every citizen under the United States Constitution and Constitution of the State of New York and, has acted in a manner designed to deliberately inflict physical, economic and emotional distress upon plaintiff.

**CLAIM #2.**

On or about March 2011, and continuing to the present, in New York, New York, attorney **CHRISTINA M. PIAIA**, in her individual and official capacity as attorney representing the New York City Office of Child Support Enforcement , while acting under the color of law, did knowingly and willfully conspire and offered false documents and information before the Court in a Special Proceeding where Plaintiff challenged the search and seizure of his bank funds. She knew the New York City Office of Child Support Enforcement never followed their policy and procedure and was legally and ethically bound as an attorney and officer of the court to inform the court that her client did violate the law and their policy. Instead she either actively participated or orchestrated the conspiracy to cover up her client's misconduct. Thereby, she deliberately and willfully deprived plaintiff of his right to be free from unreasonable searches and seizures, due process and equal protection under the laws which; are guaranteed each and every citizen under the United States Constitution and Constitution of the State of New York and, has acted in a manner designed to deliberately inflict physical, economic and emotional distress upon plaintiff.

**CLAIM #3.**

On or about December 2010 and continuing to the present, in New York, New York property execution Supervisor **MARIA MIKHAILOV**, in her individual and official capacity employed by the New York City Human Resources Administration in the Office of Child Support Enforcement while acting under the color of law, did knowingly and willfully conspire and offered a false affidavit in a legal proceeding indicating her department sent a notice to plaintiff on or about the 30 day of December 2010 to his verified address 759 East 10th Street, Apt.3C, Brooklyn, New York 11230 and, when plaintiff failed to execute acceptable options within fifteen days-on February 2, 2011 an execution notice was sent to TD Bank. This information is false. New York State law and the New York City Charter mandates the Office of Child Support Enforcement to investigate and verify the bank account information and address. This was never done and the restraining notice was served upon plaintiff's bank on or about December 2010. Thereby, deprived plaintiff of his right to be free from unreasonable

searches and seizure, due process and equal protection under the laws which; are guaranteed every citizen under the United States Constitution and Constitution of the State of New York and has acted in a manner designed to inflict economic, physical and emotional distress upon plaintiff.

**CLAIM #4.**

On or about January 2011 and continuing to the present, in New York, New York, New York City Department of Human Resources Administration Office of Child Support Enforcement caseworker **OLGA STEFANCO,** in her individual and official capacity, while acting under the color of law, did knowingly and willfully conspire and offered a false affidavit in a legal proceeding indicating her department sent legal notice in accordance with the rules and laws of the City and State of New York to plaintiff indicating his driving privilege will be suspended for failure to pay child support. Notice was allegedly sent to 450 Ocean Avenue, Apt 2D, Brooklyn, New York 11218 and 787 11th Avenue, New York, New York 10017. When plaintiff failed to exercise acceptable options, thereafter, on or about March 17, 2011, the New York State Department of Motor Vehicles was notified to suspend plaintiff's driving privilege. This is false since a simple check of the New York State Department of Motor Vehicle records would illustrate plaintiff's true and correct address is 450 Ocean Parkway, not Ocean Avenue which is miles away. Hence, plaintiff never received notice from the New York City Office of Child Support Enforcement thereby, depriving plaintiff of his right to due process and equal protection under the laws which; are guaranteed every citizen under the Constitution of the United States and Constitution of the State of New York and has acted in a manner designed to place plaintiff in danger of arrest and to inflict physical emotional and economic distress upon plaintiff

**CLAIM #5.**

On or about March 2011 and continuing to the present, in Brooklyn, New York, New York State Department of Motor Vehicles Executions Supervisor **E. PACHEKO,** in her individual and official capacity, while acting under the color of law did willfully disobey a Court Order from the Kings County Supreme Court and rescind the suspension notice of plaintiff's driving privilege. It is policy and procedure of the New York State Department of Motor Vehicles to fully cooperate with fellow State agencies with respect to client's driving privileges. In the instant case, the Department of Motor Vehicles sent a notice of impending suspension to plaintiff on or about the 18 day of March 2011. The department was willing to cooperate with the Office of Child Support Enforcement and suspend plaintiff's driving privilege but was unwilling to abide by a court order and did in fact suspend plaintiff's driving privilege. Thereby, depriving plaintiff of his due process and equal protection under the laws which; are guaranteed every citizen under the Constitution of the United States and Constitution of the State of New York and has acted in a manner deliberately designed to place plaintiff in danger of arrest and to inflict physical, emotional and economic distress upon plaintiff.

bag of clothes (one bag out of twenty) planning that plaintiff would not see these papers. After the first court appearance this defendant agreed to keep the matter out of the courts if plaintiff would pay for their daughter's private education. The defendant accepted the money and reneged on the deal appearing in court without informing the plaintiff and after she obtained a judgment she still accepted payment from plaintiff. This defendant did not inform the magistrate or Office of Child Support Enforcement of the payment she received so plaintiff would not be saddled with arrears. This defendant took it one step further and engaged in a deliberate and calculated behavior to alienate plaintiff from his daughter but keep child support payments coming. This defendant conspired and sought to deprive plaintiff from his right to due process and equal protection under the laws which; are guaranteed every citizen under the United States Constitution and Constitution of the State of New York and has acted in a manner designed to inflict economic, physical and emotional distress upon plaintiff.

**CLAIM #9.**

On or about March 2011, and continuing to the present, in New York, New York, attorney **MICHAEL A. CARDOZO**, in his individual and official capacity as counsel representing the New York City Office of Child Support Enforcement , while acting under the color of law, did knowingly and willfully conspire and offered false documents and information before the Court in a Special Proceeding where Plaintiff challenged the search and seizure of his bank funds. He knew based upon the legal concepts of privity and respondeat superior, the New York City Office of Child Support Enforcement never followed their policy and procedure and was legally and ethically bound as an attorney and officer of the court to inform the court that his client did violate the law and their policy. Instead he either actively participated or orchestrated the conspiracy to cover up his client's misconduct. Thereby, he deliberately and willfully deprived plaintiff of his right to be free from unreasonable searches and seizures, due process and equal protection under the laws which; are guaranteed each and every citizen under the United States Constitution and Constitution of the State of New York and, has acted in a manner designed to deliberately inflict physical, economic and emotional distress upon plaintiff.

**CLAIM #10.**

On or about December 2010, and continuing to the present, in New York, New York, **THE CITY OF NEW YORK HUMAN RESOURCES ADMINISTRATION**, in its individual and official capacity as the agency representing the New York City Office of Child Support Enforcement , while acting under the color of law, did knowingly and willfully illegally seize plaintiff's bank account in excess of $15,557.00 and then conspired and offered false documents and information before the Court in a Special Proceeding where Plaintiff challenged the search and seizure of his bank funds. From the evidence in this case, it is glaringly obvious the defendant knew the New York City Office of Child Support Enforcement never followed their policy and procedure and was legally and ethically bound to release the levy placed on plaintiff's account. Instead the defendant either actively participated or orchestrated the conspiracy to cover up this blatant misconduct. Thereby, this agency has deliberately and willfully deprived plaintiff