FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 1 2 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MICHAEL A. KNEITEL,

                Plaintiff,

-against-

ROBERT DOAR; CHRISTINA M. PIAIA; MARIA
MIKHAILOV; OLGA STEFANCO; E. PACHEKO;
NICHOLAS J. PALOS; PAULA J. HEPNER;
YULIYA YASNOGORODSKAYA; MICHAEL A.
CARDOZO, *Corporation Counsel*; THE CITY OF
NEW YORK HUMAN RESOURCES
ADMINISTRATION; and THE STATE OF NEW
YORK UNIFIED COURT SYSTEM,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM
& ORDER**

**11-CV-5852 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff pro se Michael J. Kneitel ("Kneitel") filed the instant complaint pursuant to 42 U.S.C. § 1983. Kneitel's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed for lack of subject matter jurisdiction.

## I.    BACKGROUND

      Kneitel alleges that Defendants violated his constitutional rights in connection with child support proceedings in state court. He alleges that in January 2010, Defendant Yuliya Yasnogorodskaya ("Yasnogorodskaya"), the custodial parent of their daughter, commenced a child support action against him in Kings County Family Court. (Compl. (Docket Entry # 1) at 6.) Kneitel argues that although he and Yasnogorodskaya privately settled the Family Court matter by oral agreement, she later reneged on the agreement and obtained a default judgment against him. (Id.) Defendant Nicholas J. Palos, the presiding Family Court magistrate judge,

1

ordered Kneitel to pay child support, and Kneitel applied for a downward modification, arguing that the court's order reflected an amount in access of the statutory amount owed. (Id.) The court denied Kneitel's application. (Id.) Kneitel states that Magistrate Judge Palos "threatened to incarcerate" him if he did not pay child support. (Id.)

In February 2011, Kneitel again sought a downward modification, this time arguing that his payments should be reduced based on his recent unemployment. (Id. at 6-7.) He states that he alerted the state court that the New York State Office of Child Support Enforcement had levied $15,557 from his bank account, 50% of his unemployment benefits, and his tax refund. (Id. at 7.) Magistrate Judge Palos adjourned Kneitel's state court case. (Id.) Kneitel also alleges that his driver's license was suspended impermissibly, and that Defendant E. Pacheko, a supervisor at the Department of Motor Vehicles, "refused to lift the suspension order." (Id.) He states that he filed an Article 78 proceeding about the suspension of his license and about the levied funds. (Id.)

In Kneitel's instant case, he seeks monetary, injunctive and declaratory relief.

## II. LEGAL STANDARD

In reviewing Kneitel's Complaint, the court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).

Federal courts have limited jurisdiction, and may hear only those cases involving a federal question or jurisdiction based on diversity of citizenship. Perpetual Secs., Inc., v. Tang, 290 F.3d 132, 136 (2d Cir. 2002). Under Federal Rules of Civil Procedure 12(h)(3), the court must dismiss an action if it determines that it lacks subject matter jurisdiction. A "failure of

2

subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted).

## III. DISCUSSION

Kneitel's Complaint focuses on a dispute about child support. Accordingly, his claims fall within the well-established "domestic relations exception" to federal subject matter jurisdiction. The Supreme Court has "recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12-13, (2004) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)); see also Amer. Airlines v. Block, 905 F.2d 12, 14 (2d Cir. 1990) (federal courts should abstain from exercising jurisdiction over cases "on the verge" of being matrimonial in nature); Fischer v. Clark, No. 08 CV 3807, 2009 WL 3063313, at *2 (E.D.N.Y. Sept. 24, 2009).

As numerous courts have recognized, child support is a state law domestic relations issue. See, e.g. Sullivan v. Xu, No. 10-CV-3626 (ENV), 2010 WL 3238979, at *2 (E.D.N.Y. Aug. 13, 2010) (district court lacked jurisdiction to hear claims regarding child support and child custody, despite plaintiff's invocation of his constitutional rights); see also McKnight v. Middleton, 699 F.Supp.2d 507, 516-17 (E.D.N.Y. 2010) (district court lacked jurisdiction over claims involving custody dispute); Puletti v. Patel, No. 05-CV-2293 (SJ), 2006 WL 2010809, at *4 (E.D.N.Y. July 14, 2006) (same).

Furthermore, Kneitel fails to present a federal question or establish diversity jurisdiction. (See Compl. at 5 (showing all defendants reside in New York).) Although Kneitel attempts to

invoke his constitutional rights by bringing this action pursuant to § 1983, his claims nonetheless function as challenges to child support orders. See Schottel v. Kutyba, No. 06-1577-cv, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (plaintiff's tort claims "begin and end in a domestic dispute" and state courts are better suited to that adjudication). Kneitel has failed to plead facts that, even read liberally, suggest that New York state courts are not available for full and fair adjudication of his claims. Therefore, the "domestic relations" exception to this court's jurisdiction requires dismissal of the Complaint.

## IV. CONCLUSION

Kneitel's Complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
December _7_, 2011

NICHOLAS G. GARAUFIS  
United States District Judge

4